UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC HARDING,

                Plaintiff,

        v.

WESLEY CANFIELD, BENJAMIN
OAKES, C. JEAVONS, and CARL J.
KOENIGSMAN,

                Defendants.
_____

**DECISION AND ORDER**

6:17-CV-06024 EAW

## INTRODUCTION

Plaintiff Eric Harding ("Plaintiff") claims that defendants Wesley Canfield ("Dr. Canfield")[1], C. Jeavons, Carl J. Koenigsman, and Benjamin Oakes (collectively "Defendants") violated his constitutional rights by denying him care for Hepatitis C between 2011 and 2014 while he was a prison inmate. (Dkt. 1; Dkt. 8).

Currently pending before the Court is Defendants' motion to dismiss the case for failure to prosecute. (Dkt. 44). For the reasons set forth below, Defendants' motion is denied.

## BACKGROUND

Plaintiff commenced the instant action on January 11, 2017, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual

---

[1] Dr. Canfield died during the pendency of this action. (Dkt. 26). On Plaintiff's motion (Dkt. 27), Kaye Canfield, as the Administrator of the Estate of Wesley Canfield, was substituted as a defendant in place of Dr. Canfield on July 1, 2020 (Dkt. 47).

punishment by denying him care for Hepatitis C between 2011 and 2014. (Dkt. 1; *see also* Dkt. 7 at 1-2). Pursuant to an Order of the Court (Dkt. 7), Plaintiff filed an amended complaint on February 12, 2018. (Dkt. 8). On June 11, 2019, the Court entered a Decision and Order permitting Plaintiff's claims for deliberate indifference to serious medical needs to proceed against Defendants. (Dkt. 11).

On May 20, 2020, Defendants' counsel mailed a notice of deposition to Plaintiff's home address. (Dkt. 44-1 at ¶ 3). The notice of deposition informed Plaintiff that his deposition had been scheduled to take place on June 25, 2020, and an accompanying letter informed him that the deposition would occur remotely due to the ongoing COVID-19 pandemic and requested that he contact Defendants' counsel to coordinate the logistics. (*Id.*; *see also* Dkt. 38). Plaintiff did not respond to the letter accompanying the notice of deposition. (Dkt. 44-1 at ¶ 4). Defendants' counsel sent a follow-up letter on June 11, 2020, to which Plaintiff also failed to respond. (*Id.* at ¶¶ 6-7). Plaintiff did not appear for the video deposition on June 25, 2020, nor did he communicate with Defendants' counsel on that date. (*Id.* at ¶ 7).

Defendants filed the instant motion to dismiss for failure to prosecute on June 26, 2020. (Dkt. 44). On June 28, 2020, Plaintiff sent a letter to the Court stating that he "failed to comprehend" the notice of deposition and that he had not intentionally missed his deposition. (Dkt. 49). Plaintiff stated that he was "currently dealing with homelessness" but could receive mail at his daughter's home address and was "awaiting the next deposition date." (*Id.*).

On August 4, 2020, Plaintiff filed a response to the pending motion to dismiss. (Dkt. 53).[2] Plaintiff's response reiterates that he did not intentionally miss his deposition on June 25, 2020, but that he did not understand the notice of deposition. (*Id*. at 2-3). Plaintiff explains that he did not know how to get access a computer in order to participate in a video deposition, and that he was stymied in his efforts to obtain further information because of his homelessness and the ongoing pandemic. (*Id*. at 3-4). Plaintiff states that he has spoken to the staff of the men's shelter in which he currently resides and that they can provide him access to their computers to conduct his deposition with appropriate notice. (*Id*. at 4). Plaintiff asks that his deposition be rescheduled. (*Id*.).

## **DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order. . . ." Before dismissing a case under Rule 41 (b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply. . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted). Generally, no single factor in the analysis is dispositive. *Id.* The Second Circuit has "indicated that a pro

---

[2] This filing was docketed as a "cross-motion" by the Clerk of Court's office. (Dkt. 53). However, it does not seek relief beyond denial of the motion to dismiss and rescheduling of the missed deposition.

- 3 -

se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* (quotation omitted).

Here, the Court easily concludes that the circumstances are not so extreme as to warrant dismissal of Plaintiff's claims. Plaintiff contacted the Court within days of missing his deposition to explain what had happened and to ask that the deposition be rescheduled. Plaintiff has also proactively taken steps to confirm that he will be able to access a computer on a rescheduled deposition date. There is no evidence that the relatively minor delay in the proceedings occasioned by Plaintiff's failure to appear on June 25, 2020, will cause meaningful prejudice to Defendants. Further, the Court's interest in managing its docket does not justify the dismissal of a *pro se* litigant's claims because he was unable to appear for a video deposition while dealing with homelessness in the middle of a pandemic, particularly where he promptly contacted the Court and expressed his willingness to appear at a rescheduled date. There are myriad actions other than dismissal that can be taken to ensure the orderly progress of this case. As such, the relevant factors overwhelmingly weigh against dismissal. Further, Defendants have not sought nor set forth the basis for imposition of any other sanction against Plaintiff, and so no such sanction will be ordered at this time.

Plaintiff is instructed to work with Defendants' counsel to set a rescheduled, mutually convenient date for his video deposition as soon as possible. The Court expects that Plaintiff will ensure that Defendants' counsel is in possession of current contact information and will respond promptly to communications regarding the logistics of the

video deposition.³  Plaintiff is cautioned that any failure to fully cooperate in rescheduling his deposition and/or failure to appear for deposition on the rescheduled date may result in the imposition of sanctions against him, including the possible dismissal of his claims.

The Court further notes that, at Defendants' request, the discovery deadlines in this case have been held in abeyance pending determination of the instant motion.  (*See* Dkt. 50).  Any necessary modifications to the scheduling order should be sought from the magistrate judge.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for failure to prosecute (Dkt. 44) is denied.  The parties shall reschedule Plaintiff's video deposition for a mutually convenient date and time.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 26, 2021
       Rochester, New York

---

³ In the event Plaintiff's circumstances change and he is unable to access a computer in order to conduct a video deposition, Plaintiff should promptly inform the magistrate judge, so that the parties and the Court can work to safely schedule an in-person deposition.